IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| GEOFFREY P. GURKOVICH, | ) | CASE NO.1:16-CV-02202-BYP |
| | ) | |
| Petitioner | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KIMBERLY CLIPPER, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |
| | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Geoffrey P. Gurkovich for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Gurkovich is incarcerated at the Lorain Correctional Institution where he is serving a sentence of fifteen years to life imposed on him in 2014 by the Cuyahoga County Court of Common Pleas after Gurkovich pled guilty to murder with a firearm specification, as well as two counts of felonious assault.[3] Gurkovich here raises two grounds for

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on September 12, 2016.

[2] ECF # 1.

[3] ECF # 16 at 3 (citing record).

habeas relief.[4] In its return of the writ the State maintains that both ground should be dismissed as procedurally defaulted.[5] Gurkovich has not filed a traverse.

For the following reasons, I will recommend that the petition be dismissed in its entirety as procedurally defaulted.

## Facts

### A.    Background facts, plea deal and sentencing

The essential background facts, as found by the Ohio appeals court,[6] are simply stated. Gurkovich went to a residence in Cleveland in response to a claim by his girlfriend - later established as false- that the resident of that home was trying to harm her and her child.[7]Upon arriving at the house after dark, Gurkovich saw that the man's car was in his driveway and that the man himself was on the street.[8] Gurkovich thus concluded that the car in the driveway - which also was darkened with tinted windows - was unoccupied.[9]Intending to send a message "to leave his ex-girlfriend and her son alone," Gurkovich fired his gun into the parked car.[10]Tragically, there were four people in the vehicle at that time - a mother and her three

---

[4]*Id*. at 6-7 (citing record).

[5]*Id*. at 14-18.

[6]Facts found by the state appellate court are presumed correct by the federal habeas court. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

[7]ECF # 16, at 2 (quoting and citing state court opinion).

[8]*Id*.

[9]*Id*.

[10]*Id*.

children.[11]As a result of Gurkovich's act, a five year-old child was killed and her mother lost the use of one of her eyes.[12]It is undisputed that Gurkovich did not know at the time he fired the shots that there were people inside the car.[13]

In January 2014, Gurkovich was indicted on multiple counts of aggravated murder, murder, attempted murder, felonious assault, and other offenses, with firearm, prior conviction and repeat violent offender specifications.[14]After initially pleading not guilty, Gurkovich withdrew that plea and accepted a negotiated agreement whereby he pled guilty to a single count of murder with a firearm specification, along with two counts of felonious assault.[15]At the plea hearing, the trial court noted that the offenses were not allied offenses and that the convictions would not merge, inasmuch as there was a separate animus for each victim.[16]The trial court further observed that under the circumstances, the court could impose consecutive sentences.[17]On December 30, 2014, Gurkovich was sentenced to an aggregate prison term of 26 years to life.[18]

**B.    Direct appeal**

---

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Id.* at 3 (citing record).

[15]*Id.*

[16]*Id.* at 3-4 (citing record).

[17]*Id.* at 4 (citing record).

[18]*Id.*

Gurkovich, through new counsel, then filed a timely notice of appeal raising the following two assignments of error:

1.      The trial court committed reversible error in imposing consecutive prison terms;

2.      Under the facts of the case, counsel's advice to stipulate to separate animus and to waive the right to appeal constitutes ineffective assistance.[19]

After the State filed a brief in opposition, on November 5, 2015 the Ohio appeals court overruled each assignment of error and affirmed the judgment of the trial court.[20]

Gurkovich did not file an appeal with the Supreme Court of Ohio.

## C.      Post-conviction petition

Almost nine months later, in August 2016, Gurkovich, *pro se*, filed a petition in the trial court to vacate or set aside judgment on the grounds that his appellate counsel purportedly failed to inform Gurkovich of the procedures for filing a post-conviction petition.[21]After the State responded in opposition, the trial court denied the motion and Gurkovich did not appeal from that denial.[22]

---

[19]*Id.*

[20]*Id*.

[21]*Id*. (citing record).

[22]*Id*. at 5 (citing record).

**D.      Rule 26(B) application**

In June 2017 - or almost two years after the 2015 decision of the appeals court - Gurkovich, *pro se*, filed an untimely petition in the Ohio court of appeals to reopen the appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure.[23] The petition raised the same ineffective assistance claim that was previously raised to, and rejected by, the trial court.[24] After the State filed a response opposing the motion to reopen, the Ohio appeals court dismissed the application, calling it "untimely on its face," and further finding that Gurkovich had failed to show good cause to excuse the untimely finding.[25] Athough Gurkovich filed an appeal of that decision to the Ohio Supreme Court, to which the State responded, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the case.[26]

**E.      Federal habeas petition**

On August 28, 2016, Gurkovich, *pro se*, timely filed[27] the present petition for federal habeas relief.[28] In the petition, Gurkovich raise the following two grounds for habeas relief:

1.      Petitioner was denied his right to effective assistance of direct appeal counsel. Mr. Richard A. Neff, in violation of constitutional rights, under the United States Constitution; where Mr. Neff failed to advise petitioner or his mother of: (1) the

---

[23]*Id*. (citing record).

[24]*Id*. (citing record).

[25]*Id*. (citing record).

[26]*Id*. at 5-6 (citing record).

[27]The Ohio appeals court overruled all assignments of error on November 5, 2015.

[28]ECF # 1.

procedure involving post-conviction remedy under O.R.C. 2953.21; (2) when the trial transcript was filed; and (3) the 180 day filing deadline.

2.    Insufficient evidence (Actual Innocence Aggravated Murder; attempted murder).[29]

The State filed a return of the writ.[30]Gurkovich thereupon sought a stay so that he could fully exhaust state remedies as concerned his ineffective assistance claim.[31]A stay was imposed, and then later lifted on December 21, 2018.[32]

Following the lifting of the stay, the State filed an amended return of the writ.[33] Most importantly in that amended return, the State noted that in Gurkovich's notice to this Court that all state proceedings had ended and thus the stay could be lifted, Gurkovich also appears to assert that the state proceedings concerned an additional ground for relief not asserted in his petition related to ineffective assistance of trial counsel, which was labeled as "Ground Four" of Gurkovich's claims.[34]The State points out that although such a claim was raised in the post-

---

[29]*Id*. at 3-4.

[30]ECF # 9.

[31]ECF # 10.

[32]ECF # 15.

[33]ECF # 16.

[34]*Id*. at 7.

conviction petition, it had not been raised in the habeas petition, causing Gurkovich to try to add the claim by means of the notice concerning the lifting of the stay.[35]

Moreover, the State observes that while this new claim was denominated as Ground Four, the petition itself only raises two claims for relief.[36] Thus, as the State further states, there is no purported Ground Three in any filing.[37]

Inasmuch, as detailed above, the properly filed petition specifically asserts in Ground One only a claim of ineffective assistance concerning the appellate counsel, and further that Gurkovich has neither sought, not been granted, permission to amend his petition to add additional grounds, I recommend finding: (1) that the purported claim against trial counsel asserted through the notice given to this Court of the conclusion of state proceedings, did not add a Ground Four claim of ineffective assistance of trial counsel; and (2) there is no Ground Three asserted anywhere in this proceeding.

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Gurkovich is currently in state custody as a result of his 2014 conviction and sentence by the Ohio court, and that he was so incarcerated at the time he filed his current petition for federal habeas relief. Thus, Gurkovich

---

[35] *Id*. at 8.

[36] *Id*.

[37] *Id*.

meets the "in custody" requirement of the federal habeas statute that vests this Court with jurisdiction over his petition.[38]

2.    There is also no dispute, as detailed above, that the present petition was timely filed under the applicable statute.[39]

3.    In addition, my own review of the docket confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[40]

4.    Moreover, apart from the procedural default alleged by the state and addressed below, it appears that these claims have been totally exhausted in the Ohio courts.[41]

5.    Finally, although Gurkovich requested the appointment of counsel on the grounds that he is uneducated in the law,[42] I find that such a ground is insufficient, of itself, for the appointment of counsel in this case.[43]

---

[38] 28 U.S.C. § 2254(a).

[39] 28 U.S.C. § 2254(d)(1).

[40] 28 U.S.C. § 2254(b).

[41] *Id.*; *Rhines v. Weber,* 544 U.S. 269, 274 (2005). A prior notation that claims remained pending in state court (ECF # 1 at 6), was modified when Gurkovich filed notice that state court proceedings were concluded. ECF # 17.

[42] ECF # 1 at 6-7.

[43] See, *Gammalo v. Eberlin*, 2006 WL 1805898, at * 2 (N.D. Ohio June 29, 2006)(citation omitted).

**B.      Standard of review - procedural default**

When the State asserts a violation of a state procedural rule as the basis for a procedural default that would bar substantive review of a claim for relief by a federal habeas court, the Sixth Circuit has long-employed a four-part test to determine if such a claim is procedurally defaulted:

1.      Does a state procedural rule exist that applies to the claim;

2.      Did the petitioner fail to comply with that rule;

3.      Did the state court rely on that failure as the reason for not addressing the merits of the claim;

4.      Is the rule the petitioner violated an adequate and independent state law basis for barring the federal habeas court from considering the claim.[44]\

In addition, the state procedural rule must be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[45]

If the State establishes a procedural default according to these elements, the petitioner may overcome the default if he can show: (1) cause for the default and (2) actual prejudice from the federal court not addressing his constitutional claim, or (3) a miscarriage of justice from

---

[44]*Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007)(citation omitted).

[45]*Smith v. Ohio Dep't of Rehab. & Corrs.,* 463 F.3d 426, 431 (6th Cir. 2006)(citations omitted).

failure to review the claim.[46]Alternatively, a showing of actual innocence may also excuse a procedural default.[47]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state rule.[48]To demonstrate "prejudice," the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[49]If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[50]

Notwithstanding these elements, a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[51]In that regard, the Sixth Circuit has stated that a federal habeas court may bypass the issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[52]

---

[46]*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[47]*Id.*

[48]*Id.* at 573.

[49]*United States v. Frady*, 456 U.S. 152, 170 (1982).

[50]*Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[51]*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[52]*Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

10

**C.** **Application of standard**

*1.* ***Ground One***

As noted, in the first ground for relief Gurkovich maintains that he was denied the effective assistance of appellate counsel. As also noted, Gurkovich raised that claim to the Ohio appeals court in a Rule 26(B) application. However, the appeals court rejected that application as untimely and the Ohio Supreme Court refused to hear the appeal from that decision.

It is well-settled that an Ohio appellate court's refusal to consider the merits of a Rule 26(B) application on the grounds that it was untimely filed is an adequate and independent ground that precludes review on the merits by a federal habeas court absent a showing of cause and prejudice or actual innocence.[53]Indeed, when (1) Gurkovich failed to comply with the procedural rule for timely filing (2) applicable to this case, and the Ohio court both (3) recognized and enforced that (4) adequate and independent state procedural rule, the necessary four elements of the Sixth Circuit's *Maupin* analysis for procedural default were met.

Thus, because Gurkovich failed to present this claim to the Ohio courts in a way that would permit them to reach the merits of the claim, he would now be required to show both cause for that failure and prejudice from the federal court not analyzing the merits of the claim.[54] In that regard, Gurkovich has not shown cause for his failure to timely file his Rule 26 (B) application. First, as to cause, Gurkovich told the Ohio appeals court in his Rule 26(B) application that the application was untimely filed - almost 19 months late - because he had first

---

[53]*Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).

[54]*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

mistakenly presented this claim in a post-conviction motion to the trial court that took months to resolve.[55]However, as the appeals court observed, "ignorance of the law do[es] not establish good cause for failure to seek timely relief under App. Rule 26(B)."[56]

Similarly, Gurkovich has not shown prejudice as to the claim raises as Ground One. Although the claim in Ground One is that counsel was ineffective for failing to advise Gurkovich as to the time limits for filing a post-conviction motion, Gurkovich's post-conviction motion actually was not denied as untimely.[57]

Beyond these factors, a federal habeas court may excuse procedural default in the case of one who is actually innocent.[58] Gurkovich has not presented any new, reliable evidence of actual innocence to either the state courts or to the federal habeas court. Indeed, Gurkovich voluntarily pled guilty at trial which thus "tends to refute" any later assertion of actual innocence.[59]

## 2.  *Ground Two*

In this ground for relief Gurkovich asserts that the evidence was insufficient to sustain his conviction.

---

[55]ECF # 16, Attachment (state court record) at 104.

[56]*Id*. at 116.

[57]*Id*. at 99.

[58]*Murray*, 477 U.S. at 496.

[59]*Creiglow v. Kernan,* 2016 WL 8732352, at *5 (C.D. California Nov. 30, 2016)(citations omitted).

First, when a defendant enters a plea of guilty, as did Gurkovich, he waives the right to object to the sufficiency of the evidence against him.[60]Further, to the extent that Gurkovich bases this claim on evidence in the record, the claim could have been raised on direct appeal but was not. Alternatively, if the argument here relies on evidence outside the record, it could have been raised in Gurkovich's post-conviction petition, but again was not.

In the instance of claims arising from facts appearing in the record, such claims must be fairly presented to Ohio courts or the claim would be procedurally defaulted in federal court on the grounds of *res judicata*, which is well-recognized as bar to consideration of a claim by the federal habeas court.[61]Further, if Gurkovich had not preserved the claim for appeal by making a contemporaneous objection to the evidence at trial - or here, at sentencing - Ohio's contemporaneous objection rule is also recognized as an adequate and independent state law basis for foreclosing review by a federal habeas court.[62]Finally, the failure to raise this claim in an Ohio post-conviction petition also means the claim is procedural defaulted here on the basis of *res judicata*.[63]

Gurkovich has not presented any cause or prejudice analysis that would excuse the procedural default arising from his failure to raise this claim in a post-conviction petition, nor, as noted above, has he attempted to show actual innocence.

---

[60]*Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2017)(citations omitted).

[61]*Van Hook v. Anderson,* 127 F.Supp. 2d 899, 916-17 (S.D. Ohio 2001).

[62]*Scott v. Mitchell*, 209 F.3d 854, 866-71 (6th Cir. 2000).

[63]*Nguyen v. Warden*, 2018 WL 6727000, at *5 (S.D. Ohio Dec. 21, 2018); adopted by *Nguyen v. Warden*, 2019 WL 1305995 (S.D. Ohio March 22, 2019).

### 3. *Other grounds*

Although there is some indication, discussed above, that Gurkovich attempted to assert an additional ground for relief - denominated as Ground Four - within the notice to the Court that he had exhausted his state court remedies, that attempt was not part of any authorized amendment of his habeas petition and so should not be considered here.[64] Further, as also discussed above, it appears that Gurkovich intended to file a third ground for relief that has not been found within the filings.

# Conclusion

For the reasons stated, I recommend that the *pro se* petition of Geoffrey P. Gurkovich for a writ of habeas corpus under 28 U.S. § 2254[65] be dismissed.

IT IS SO RECOMMENDED.

Dated: April 30, 2019      s/ William H. Baughman, Jr.
              United States Magistrate Judge

---

[64]See, 28 U.S.C. § 2254 (application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.") Under Rule 15(a) of those rules Gurkovich could have amended within the appropriate time, but did not do so. Further, once the time limit had passed, he could have amended with consent of he opposing party or by leave of court. *Mayle v. Felix*, 545 U.S. 644 (2005). Gurkovich did neither.

[65]ECF # 1.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[66]

---

[66] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).