PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY P. GURKOVICH, | ) | |
| | ) | CASE NO. 1:16CV2202 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KIMBERLY CLIPPER, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF Nos. 1 & 18] |

*Pro se* Petitioner Geoffrey P. Gurkovich, an Ohio prisoner at the Lorain Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging two grounds for habeas relief. ECF No. 1. The case was referred to Magistrate Judge William H. Baughman, Jr., for a Report and Recommendation pursuant to 28 U.S.C. § 636 and L.R. 72.2(b)(2). The magistrate judge issued a Report recommending the Court deny the Petition because Petitioner's habeas petition was procedurally defaulted. ECF No. 17.

Petitioner filed an objection. ECF No. 18. He argues that, because he did not commit the crime to which he pleaded guilty, and because his counsel coerced him into pleading guilty, he is entitled to relief. *Id.* at PageID #: 540. He makes no reference to the magistrate judge's Report or to the magistrate judge's finding that Petitioner's habeas petition was procedurally defaulted. Because Petitioner's arguments are not proper objections to the magistrate judge's Report, the Court need not consider them. *See* Fed. R. Civ. P. 72(b)(3). Any further review by the Court

(1:16CV2202)

would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Petitioner, through his objection, also requests that the Court appoint him counsel.  ECF No. 18 at PageID #: 540.  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted).  Appointment of counsel is appropriate in "exceptional circumstances," a determination which involves consideration of the "complexity of the factual and legal issues involved" and an examination of "the type of case and the abilities of the plaintiff to represent himself."  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)

The record reflects that, up until the filing of his objection, Petitioner has adequately demonstrated that he is capable of representing himself.  Moreover, Petitioner's claims are not especially factually or legally complex.  Accordingly, the Court finds that it would be inappropriate to appoint counsel in this matter.

Accordingly, the Court overrules Petitioner's objections, adopts the Report, denies Petitioner's request for appointment of counsel, and dismisses the Petition.  The Report and Recommendation (ECF No. 17) of the magistrate judge is hereby adopted.

(1:16CV2202)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|    May 31, 2019    |    */s/ Benita Y. Pearson*    |
| Date | Benita Y. Pearson<br>United States District Judge |